IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRACY ARTHUR STONE,

    Plaintiff,                                      CV F 05 1377 LJO  WMW PC

    vs.                                              ORDER GRANTING LEAVE TO
FILE AN AMENDED COMPLAINT

                                                      (THIRTY DAY DEADLINE)

C/O VASQUEZ, et al.,

    Defendants.

      Plaintiff is a state prisoner proceeding prose in a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

      This action proceeds on the January 17, 2006, first amended complaint. Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Soledad State Prison, brings this civil rights action against defendant correctional officials employed by the CDCR at the California Substance Abuse Treatment Facility at Corcoran.

      Plaintiff's claims in this complaint relate to the conditions of his confinement. Specifically, Plaintiff alleges that on October 4, 2004, he was subjected to excessive force by Defendant Vasquez and Defendant Rodriguez. Specifically, Plaintiff alleges that he was subjected to such force that he was rendered unconscious and suffered physical injury. The

Court finds that the first amended complaint states a claim for relief as to Defendants Vasquez and Rodriguez.

As to the remaining defendants, Plaintiff indicates that he seeks to hold them liable on the grounds of supervisory liability.  L iability may be imposed on supervisory defendants under § 1983 only if (1) the supervisor personally participated in the deprivation of constitutional rights or (2) the supervisor knew of the violations and failed to act to prevent them.  <u>Hansen v. Black</u>, 885 F.2d 642, 646 (9th Cir. 1989); <u>Taylor v. Lst</u>, 880 F.2d 1040, 1045 (9th Cir. 1989).  Plaintiff does not allege that facts indicating that the supervisory defendants participated in, or knew of and failed to prevent, the alleged wrongs.   The complaint must therefore be dismissed as to these defendants.

The court will, however, grant Plaintiff leave to file a second amended complaint.  Should Plaintif fail to do so, this action will proceed against Defendants Vasquez and Rodriguez, and the court will send to Plaintiff the forms for service of process on those defendants.  The Court will recommend dismissal of the remaining defendants.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights.  <u>See</u> <u>Ellis v. Cassidy</u>, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  <u>Rizzo v. Goode</u>, 423 U.S. 362 (1976); <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  See <u>Loux v. Rhay</u>, 375

F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff is granted thirty days from the date of service of this order to file a second amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Second Amended Complaint."

IT IS SO ORDERED.

**Dated:   July 3, 2008**                           /s/  **William M. Wunderlich**
                                                    UNITED STATES MAGISTRATE JUDGE