IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA (Fresno)

| | |
|---|---|
| Tracy Arthur Stone, | No. 1:05-CV-1377-JAT |
| Plaintiff, | **ORDER** |
| vs. | |
| Vasquez and Rodriguez, | |
| Defendants. | |

Pending before the Court is Plaintiff's motion to compel. In the motion to compel, Plaintiff seeks to compel responses to his first request for production and second request for production. In their response to the motion, Defendants attempt to decipher exactly which of their responses to which Plaintiff seeks to compel and answer. However, unfortunately, in his motion, Plaintiff did not take the time to specify exactly which of Defendants' responses he claimed were deficient, and why he claimed those specific responses were deficient.[1] Further, Plaintiff did not reply to Defendants' response to confirm or deny that Defendants' interpretation of Plaintiff's motion was accurate.

However, Defendants also make this process far more cumbersome than necessary by asserting lack of "possession or control" of virtually every document or item Plaintiff is

---

[1] For example, Plaintiff makes global complaints like, "I assert that each of my requests are plain, easy to comprehend, and descriptive enough to enable defendants ... to discern the specific information and documents I am seeking."

1 seeking. Defendants argue, for example, that they do not have possession or control of 2 copies of grievances filed against the Defendants themselves or a copy of the video of the 3 incident in question. *See* Doc. #54. Specifically, Defendants argue that even if they <u>could</u> 4 obtain the documents, the documents are not in their "possession and control" if they would 5 have to make any efforts to obtain a copy of the documents, citing *Clark v. Vega Wholesale,* 6 *Inc.* 181 F.R.D. 470, 472 (D. Nev. 1998) (holding that a plaintiff was not in "possession or 7 control" of her own medical records because she would have had to sign a release with her 8 doctor to obtain such records).

Defendants' arguments are certainly not within the spirit of discovery and disclosure envisioned by the Federal Rules of Civil Procedure. Moreover, Defendants have waived the right to use any of these documents at the summary judgment phase of this case or at trial by their failure to provide them as part of their disclosures. *See* Fed. R. Civ. Pro. 26(a).[2] Plaintiff is encouraged to move to strike any and all evidence that Defendants seek to offer in this case that Plaintiff has requested that Defendants have claimed is not in their possession or control.

On the issue of control:

> The governing standards are established. Rule 34 requests may be used to inspect documents, tangible things, or land in the possession, custody, or control of another party. The party seeking production of documents bears the burden of proving that the opposing party has such control. *United States v. International Union of Petroleum and Indus. Workers, AFL-CIO*, 870 F.2d 1450, 1452 (9th Cir.1989). Property is deemed within a party's possession, custody, or control if the party has actual possession, custody, or control

---

[2]  Generally, Rule 26(a) requires a party, "without awaiting a discovery request," to provide other parties with: names, addresses, and telephone numbers of individuals likely to have discoverable information that the disclosing party may use to support her claim; copies or descriptions of documents, electronic information, or tangible objects that are in the disclosing party's possession or control which that party may use to support her claims; and a computation of damages while making available for inspection the documents upon which such computation is based. Fed.R.Civ.P. 26(a)(1)(A)-(D).

*Doctor v. Nicholson*, 2008 WL 700169, *4 n.3 (D. Ariz. 2008).

- 2 -

> thereof, or the legal right to obtain the property on demand. *In re Bankers Trust Co.*, 61 F.3d 465, 469 (6th Cir.1995) (documents prepared by Federal Reserve and bank during bank examination were subject to discovery despite Federal Reserve's ownership of documents, in light of apparent relevance of documents and fact that bank had possession of documents). A party having actual possession of documents must allow discovery even if the documents belong to someone else; legal ownership of the documents is not determinative. *In re Bankers Trust Co.*, 61 F.3d at 470 (Federal Reserve regulations prohibiting disclosure of confidential documents in party's possession held invalid when conflicting with discovery order).
>
> "Control" need not be actual control; courts construe it broadly as "the legal right to obtain documents upon demand." *United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir.1989) (Ninth Circuit refused to compel an international union to produce documents belonging to local union affiliates in response to a subpoena where the international union did not have physical possession of the documents); *Scott v. Arex, Inc.*, 124 F.R.D. 39, 41 (D.Conn.1989) (party controls document if it has right, authority, or ability to obtain documents on demand).
>
> "Legal right" is evaluated in the context of the facts of each case. *In re Folding Carton Antitrust Litig.*, 76 F.R.D. 420, 423 (D.Ill.1977). The determination of control is often fact-specific. Central to each case is the relationship between the party and the person or entity having actual possession of the document. *Estate of Young v. Holmes*, 134 F.R.D. 291, 294 (D.Nev.1991). The requisite relationship is one where a party can order the person or entity in actual possession of the documents to release them. *Id.* This position of control is usually the result of statute, affiliation or employment. *Id.*; *In re Citric Acid Litig.* (9th Cir.1999) 191 F.3d 1090, 1107 (court cannot order production of documents held by a separate legal entity, where requested party is not in actual possession or custody of the documents).
>
> "Control" may be established by the existence of a principal-agent relationship. *In Rosie D. v. Romney*, 256 F.Supp .2d 115, 119 (D.C.Mass.2003), defendant state officials were required to produce documents that were in the possession of non-party agencies. The state's Division of Medical Assistance (MDA) delegated the delivery of health services to several entities that in turn were authorized to engage subcontracted service providers. MDA's contracts required these entities to maintain books and records and gave MDA the right to examine and copy these records. There was little doubt, in light of these contractual provisions, that the state officials had the right to control and obtain the documents that were in the possession of the non-parties.

*Thomas v. Hickman*, 2007 WL 4302974, 13-14 (E.D. Cal. 2007).

Defendants are both correctional officers at the facility where Plaintiff is incarcerated. Considering all of Plaintiff's requests, it would seem obvious that the documents and videos he seeks are in the possession of Defendants' employer. Thus, the question is whether something in the possession of one's employer qualifies as within the possession and control of the employee. Against this background, the Court will turn to each of Plaintiff's

- 3 -

individual requests (a copy of the requests and Defendants' response are at Docs. ## 54 and 63).

I.   Plaintiff's first request for production of documents (Doc. #54)

    1.   Defendants' objection is sustained because disclosing other inmates' appeals could cause a safety risk.

    2.   Defendants' objection that this request is overlybroad and not reasonably calculated to lead to the discovery of admissible evidence is overruled. Defendants' objection that this request is vague, ambiguous and calls for speculation is overruled. Defendants' object to this request on the grounds that the documents are privileged under state law. *See* California Penal Code §§ 832.7 & 6126.3; *Kelly v. City of San Jose*, 114 F.R.D. 653, 656, 660, 663 (N.D. Cal. 1987) (holding that while federal courts are not bound to follow the state law privileges, the federal courts should give weight to the privacy rights protected by state constitutions and state statutes; and ultimately applying the non-exhaustive-10-prong test of the "official information privilege"); *but see Agster v. Maricopa County*, 422 F.3d 836, 839 (9th Cir. 2005) (holding that federal courts do not apply state law privileges in federal cases unless the court creates a new privilege as a matter of federal common law). The test is:

> Federal common law recognizes a qualified privilege for official information.... Government personnel files are considered official information.... In order to determine whether personnel files sought are privileged, courts must weigh potential benefits of disclosure against potential disadvantages; if the latter is greater, the official information privilege may bar discovery....Such balancing should be conducted on a case by case basis, determining what weight each relevant consideration deserves in the fact-specific situation that is before the Court.

*Miller v. Pancucci*, 141 F.R.D. 292, 299-300 (C.D. Cal. 1992) (citing *Kelly's* 10-factor test).

Thus, to avail themselves of the official information privilege, Defendants must apply the factors to each piece of information sought. Therefore,

- 4 -

|   |   |
|---|---|
| 1 | <u>Defendants must file a supplement memorandum showing why the official</u> |
| 2 | <u>information privilege should bar discovery as to this request.</u> *See Kelly*, 114 |
| 3 | F.R.D. at 657 (party asserting the privilege must satisfy the "test" showing |
| 4 | they are entitled to the privilege). |

3. Defendants' objection that this request is overlybroad, unintelligible and not reasonably calculated to lead to the discovery of admissible evidence is overruled. <u>Defendants must file a supplement memorandum showing why the official information privilege should bar discovery as to this request.</u> *Id.*

4. Defendants' objection that this request is overlybroad and not reasonably calculated to lead to the discovery of admissible evidence is overruled. Defendants' objection that this request is vague, ambiguous and calls for speculation is overruled. <u>Defendants must file a supplement memorandum showing why the official information privilege should bar discovery as to this request.</u> *Id.*

5. The Court interprets this request as seeking only public records of any criminal complaints (or indictments) or civil domestic violence complaints filed against either Defendant in court (specifically any municipal or state court in California). Defendants' objections are overruled. <u>Defendants shall produce copies of any documents meeting this description.</u>

6. Defendants' objection that this request is overlybroad and not reasonably calculated to lead to the discovery of admissible evidence is overruled. Defendants argue that the have no documents that were created or produced in connection with the investigation of Plaintiff's CDC 602 Log. No. SATF-C 04-04545.[3] <u>Defendants shall file a supplemental memorandum avowing who</u>

---

[3] The Court has presumed 04-04545 is Plaintiff's grievance of his alleged beating on October 4, 2004, which gives rise to this lawsuit.

- 5 -

|   |   |   |
|---|---|---|
| | | within the facility would have custody and control of these documents and what procedures Defendants would have to go through to obtain a copies of the documents. |
| | 7. | Defendants' objection that this request is overlybroad and not reasonably calculated to lead to the discovery of admissible evidence is overruled. Defendants' objection that this request is vague, ambiguous and calls for speculation is overruled. Defendants shall produce all responsive documents that they claim are available in Plaintiff's central file. Defendants' shall file a supplemental memorandum explaining the evidentiary basis for why the documents responsive to this request that are not in the central file would be "confidential." |
| | 8. | Defendants' objection that the request is vague and compound is sustained. |
| | 9. | Defendants' objection that the request is vague is sustained. |
| | 10. | Defendants have avowed that no such policies exist. |
| | 11. | Defendants have avowed that no such policies exist. |
| | 12. | Defendants' objection that this request is overlybroad and not reasonably calculated to lead to the discovery of admissible evidence is overruled. Defendants' objection that this request is vague, ambiguous and calls for speculation is overruled. Defendants claim they do not have "custody and control" of the videos showing Plaintiff's alleged beating on October 4, 2004. Defendants shall file a supplemental memorandum avowing who within the facility would have "custody and control" of the videos and what procedures Defendants would have to go through to obtain a copy of the videos.[4] |

---

[4] Defendants also raise a safety and security objection arguing that they cannot disclose the camera locations to an inmate. In Plaintiff's second request for production of documents at request #7, Plaintiff specifies particular camera locations, of which Plaintiff is obviously already aware. Defendants' objection on a safety and security basis is overruled with respect

1  13. Defendants' objection that this request is overlybroad, unintelligible and not reasonably calculated to lead to the discovery of admissible evidence is overruled.  Defendants' objection that this request is vague, ambiguous and calls for speculation is overruled. Defendants' claim they do not have "custody and control" of the videos showing Plaintiff's alleged beating on October 4, 2004. <u>Defendants shall file a supplemental memorandum avowing who within the facility would have "custody and control" of the videos and what procedures Defendants would have to go through to obtain a copy of the videos.</u>

13.1 Defendants' objection that this is not a document request is sustained.

14. Defendants' objection that this is not a document request is sustained.

15. Defendants' objection that Plaintiff can obtain this information himself at the prison law library is sustained.

16. There is no remaining issue.

17. Defendants' objection that the physical dimensions of the prison cannot be given to a inmate, such as Plaintiff, for safety and security reasons, is sustained.

18. Defendants' objection that Plaintiff can obtain this information himself at the prison law library is sustained.

19. Defendants' objection that this is not a document request is sustained.

20. Defendants' objection that this is not a document request is sustained.

II. Plaintiff's second request for production of documents (Doc. #63).

1. Defendants' objection that this request is duplicative is overruled. Defendants' objection that this request is vague, ambiguous and calls for speculation is

---

to all cameras Plaintiff specified in #7 of his second request for production, and sustained as to any other cameras that may exist.

      overruled — Plaintiff is asking for a list of the log numbers of all category 7 et seq incidents about which an inmate file a CDC 602 form. Defendants also object that the list of log numbers of such filings in not in their "possession and control." <u>Defendants shall file a supplemental memorandum avowing who within the facility would have "possession and control" of the list and what procedures Defendants would have to go through to obtain list.</u>

2.  Defendants' objection that this request is overbroad is sustained.

3.  Defendants' objection that this request is overbroad is sustained.

4.  Defendants' objection that this request is overlybroad and not reasonably calculated to lead to the discovery of admissible evidence is overruled. Defendants' objection that this request is vague, ambiguous and calls for speculation is overruled. <u>Defendants must file a supplement memorandum showing why the official information privilege should bar discovery as to this request.</u> *See* Court's discussion of Plaintiff's #2 request of his first request for production of documents above.

5.  Defendants' objection that this request is duplicative of request #7 of Plaintiff's first request for production of documents is sustained.

6.  Defendants' objection that this request is compound is sustained.

7.  Defendants' objection that this request is duplicative of #12 from Plaintiff's first request for production is sustained.

8.  Defendants' objection that the request is overbroad is overruled. Defendants' objection that the request is vague, ambiguous, and calls for speculation is overruled. <u>Defendants shall produce the records of who checked out and/or viewed the videos referenced in request 7 of Plaintiff's second request for production of documents.</u>

9.  All of Defendants' objections are overruled except their objection that they do not have custody and control of the "use of force interview." <u>With respect to</u>

- 8 -

<u>that objection, Defendants shall file a supplemental memorandum avowing who within the facility would have "custody and control" of the video and what procedures Defendants would have to go through to obtain a copy of the video.</u>

10. Defendants' objection that this request is vague and ambiguous is sustained.

11. Defendants' objection that this request is duplicative of #17 from Plaintiff's first request for production of documents is sustained. Additionally, Defendants' objection that the physical dimensions of the prison cannot be given to a inmate, such as Plaintiff, for safety and security reasons, is sustained.

12. Defendants' objection that this is not a document request is sustained.

Based on the foregoing,

IT IS ORDERED that Plaintiff's motion to compel (Doc. #70) is granted in part and denied in part as indicated above.

IT IS FURTHER ORDERED that all supplemental memoranda ordered herein are due within 14 days of the date of this order.

IT IS FURTHER ORDERED that all production ordered herein is due to Plaintiff within 20 days of the date of this order.

IT IS FURTHER ORDERED that the dispositive motion deadline of August 28, 2009 is confirmed.

IT IS FINALLY ORDERED confirming that Defendants have *waived the ability* to rely on *anything* they claim is not in their custody and control for purposes of moving for summary judgment or at trial.

DATED this 19th day of August, 2009.

James A. Teilborg
United States District Judge