1
2
3
4
5
6            IN THE UNITED STATES DISTRICT COURT

7        FOR THE EASTERN DISTRICT OF CALIFORNIA (Fresno)

8

9    Tracy Arthur Stone,                    )    No. 1:05-CV-1377-JAT
                                            )
10            Plaintiff,                     )    **ORDER**
                                            )
11   vs.                                     )
                                            )
12                                           )
     Vasquez and Rodriguez,                  )
13                                           )
             Defendants.                     )
14                                           )
                                            )
15   _____    )

16        Defendants have moved to reconsider the Court's discovery order of August 20, 2009.

17   Because the Court does not require assistance in interpreting its own order, the Court has not

18   waited for a response from Plaintiff.

19        Defendants have moved in general categories, and not with regard to specific orders

20   of the Court.  Thus, it is difficult to know to which exact ruling Defendants object.  Below,

21   the Court has reproduced its prior order and attempted to interject Defendants' objections for

22   them at the appropriate point.  Specifically, the Court will note a request for reconsideration

23   at the end of the discussion of the request number if the Court believes Defendants have

24   sought reconsideration of the Court's ruling on that request for production.  The Court has

25   noted the requests for reconsideration in bold.

26   **A.    Court's prior order reproduced**

27   I.    Plaintiff's first request for production of documents (Doc. #54)

28        1.    Defendants' objection is sustained because disclosing other inmates' appeals

1    could cause a safety risk.

2    2.   Defendants' objection that this request is overlybroad and not reasonably

3         calculated to lead to the discovery of admissible evidence is overruled.

4         Defendants' objection that this request is vague, ambiguous and calls for

5         speculation is overruled.  Defendants' object to this request on the grounds that

6         the documents are privileged under state law. *See* California Penal Code §§ 832.7

7         & 6126.3; *Kelly v. City of San Jose*, 114 F.R.D. 653, 656, 660, 663 (N.D. Cal.

8         1987) (holding that while federal courts are not bound to follow the state law

9         privileges, the federal courts should give weight to the privacy rights protected

10        by state constitutions and state statutes; and ultimately applying the non-

11        exhaustive-10-prong test of the "official information privilege"); *but see Agster*

12        *v. Maricopa County*, 422 F.3d 836, 839 (9th Cir. 2005) (holding that federal

13        courts do not apply state law privileges in federal cases unless the court creates

14        a new privilege as a matter of federal common law).  The test is:

15        Federal common law recognizes a qualified privilege for official
          information.... Government personnel files are considered official
16        information.... In order to determine whether personnel files sought
          are privileged, courts must weigh potential benefits of disclosure
17        against potential disadvantages; if the latter is greater, the official
          information privilege may bar discovery....Such balancing should be
18        conducted on a case by case basis, determining what weight each
          relevant consideration deserves in the fact-specific situation that is
19        before the Court.

20        *Miller v. Pancucci*, 141 F.R.D. 292, 299-300 (C.D. Cal. 1992) (citing *Kelly's* 10-

21        factor test).

22        Thus, to avail themselves of the official information privilege, Defendants must

23        apply the factors to each piece of information sought.  Therefore, <u>Defendants</u>

24        <u>must file a supplement memorandum showing why the official information</u>

25        <u>privilege should bar discovery as to this request.</u>  *See Kelly*, 114 F.R.D. at 657

26        (party asserting the privilege must satisfy the "test" showing they are entitled to

27        the privilege).

28                                          - 2 -

3.   Defendants' objection that this request is overlybroad, unintelligible and not reasonably calculated to lead to the discovery of admissible evidence is overruled. <u>Defendants must file a supplement memorandum showing why the official information privilege should bar discovery as to this request.</u> *Id.*

4.   Defendants' objection that this request is overlybroad and not reasonably calculated to lead to the discovery of admissible evidence is overruled. Defendants' objection that this request is vague, ambiguous and calls for speculation is overruled. <u>Defendants must file a supplement memorandum showing why the official information privilege should bar discovery as to this request.</u> *Id.*

5.   The Court interprets this request as seeking only public records of any criminal complaints (or indictments) or civil domestic violence complaints filed against either Defendant in court (specifically any municipal or state court in California). Defendants' objections are overruled. <u>Defendants shall produce copies of any documents meeting this description.</u>

6.   Defendants' objection that this request is overlybroad and not reasonably calculated to lead to the discovery of admissible evidence is overruled. Defendants argue that the have no documents that were created or produced in connection with the investigation of Plaintiff's CDC 602 Log. No. SATF-C 04-04545.[1] <u>Defendants shall file a supplemental memorandum avowing who within the facility would have custody and control of these documents and what procedures Defendants would have to go through to obtain a copies of the documents.</u> **Defendants move to reconsider and claim that all responsive documents are available to Plaintiff in his central file for inspection and**

---

[1] The Court has presumed 04-04545 is Plaintiff's grievance of his alleged beating on October 4, 2004, which gives rise to this lawsuit.

1    **coping. Defendants argue that the availability of the documents in Plaintiff's**
2    **central file is sufficient to satisfy Federal Rule of Civil Procedure 34.**
3    **Defendants' motion to reconsider under Federal Rule of Civil Procedure 34**
4    **is granted as to this request. Defendants need not take any further action on**
5    **this request.**

6    7.   Defendants' objection that this request is overlybroad and not reasonably
7    calculated to lead to the discovery of admissible evidence is overruled.
8    Defendants' objection that this request is vague, ambiguous and calls for
9    speculation is overruled. <u>Defendants shall produce all responsive documents that</u>
10   <u>they claim are available in Plaintiff's central file.</u>   <u>Defendants' shall file a</u>
11   <u>supplemental memorandum explaining the evidentiary basis for why the</u>
12   <u>documents responsive to this request that are not in the central file would be</u>
13   <u>"confidential."</u>   **Defendants move to reconsider and claim that all responsive**
14   **documents are available to Plaintiff in his central file for inspection and**
15   **coping.  Defendants' motion to reconsider under Federal Rule of Civil**
16   **Procedure 34 is granted in part as to this request.  Defendants need not**
17   **produce the documents available to Plaintiff in his central file.  However,**
18   **Defendants' request to reconsider the second part of the Court's ruling,**
19   **"<u>Defendants' shall file a supplemental memorandum explaining the</u>**
20   **<u>evidentiary basis for why the documents responsive to this request that are</u>**
21   **<u>not in the central file would be "confidential,"</u> is denied.  Defendants appear**
22   **to argue that the fact that something is "confidential" under state law is**
23   **dispositive in federal court.  Motion to Reconsider at 3.  Defendants are**
24   **mistaken.  In presiding over a federal claim in federal court, this Court does**
25   **not apply state law privileges.  *Agster v. Maricopa County*, 422 F.3d 836, 839**
26   **(9th Cir. 2005).  Therefore, if the Defendants want the benefit of a federal**
27   **privilege, Defendants will have to base their objection in terms of federal**

28                                        - 4 -

law.

8. Defendants' objection that the request is vague and compound is sustained.

9. Defendants' objection that the request is vague is sustained.

10. Defendants have avowed that no such policies exist.

11. Defendants have avowed that no such policies exist.

12. Defendants' objection that this request is overlybroad and not reasonably calculated to lead to the discovery of admissible evidence is overruled. Defendants' objection that this request is vague, ambiguous and calls for speculation is overruled. Defendants claim they do not have "custody and control" of the videos showing Plaintiff's alleged beating on October 4, 2004. Defendants shall file a supplemental memorandum avowing who within the facility would have "custody and control" of the videos and what procedures Defendants would have to go through to obtain a copy of the videos.[2]

**Defendants move to reconsider and argue that they have avowed that the videos are not in their custody and control, and that the Court should not require them to assist Plaintiff in conducting discovery. While, generally, the Court agrees that Defendants have no duty to do Plaintiff's discovery for him, as the earlier Order quoted:**

> **"Control" need not be actual control; courts construe it broadly as "the legal right to obtain documents upon demand."** *United States v. Int'l Union of Petroleum & Indus. Workers*, **870 F.2d 1450, 1452 (9th Cir.1989) ..."Legal right" is evaluated in the context of the facts of each case. ... "Control" may be established by the existence of a principal-agent relationship.**

---

[2] Defendants also raise a safety and security objection arguing that they cannot disclose the camera locations to an inmate. In Plaintiff's second request for production of documents at request #7, Plaintiff specifies particular camera locations, of which Plaintiff is obviously already aware. Defendants' objection on a safety and security basis is overruled with respect to all cameras Plaintiff specified in #7 of his second request for production, and sustained as to any other cameras that may exist.

1    ***Thomas v. Hickman*, 2007 WL 4302974, 13-14 (E.D. Cal. 2007).**

2    **Defendants have reached the legal conclusion that they do not have custody**

3    **and control of these documents; however, this Court must conduct a fact**

4    **based inquiry to determine whether that legal conclusion is correct.**

5    **Therefore, Defendants have been ordered to provide the facts necessary for**

6    **this Court to determine whether their legal conclusion is accurate.   In**

7    **moving to reconsider, Defendants state that many of the documents sought**

8    **by Plaintiff are in the possession of their employer, but not them personally.**

9    **The Court does not doubt this assertion.   However, under *Thomas v.***

10   ***Hickman*, this agency relationship may be sufficient to establish "control."**

11   **This is why the Court seeks supplemental briefing regarding these tapes.**

12   **Accordingly, the motion to reconsider is denied.**

13   13. Defendants' objection that this request is overlybroad, unintelligible and not

14   reasonably calculated to lead to the discovery of admissible evidence is

15   overruled.  Defendants' objection that this request is vague, ambiguous and calls

16   for speculation is overruled. Defendants' claim they do not have "custody and

17   control" of the videos showing Plaintiff's alleged beating on October 4, 2004.

18   Defendants shall file a supplemental memorandum avowing who within the

19   facility would have "custody and control" of the videos and what procedures

20   Defendants would have to go through to obtain a copy of the videos.

21   **Defendants move to reconsider for the same reasons articulated in 12 above.**

22   **For the same reasons, the motion to reconsider is denied.**

23   13.1 Defendants' objection that this is not a document request is sustained.

24   14. Defendants' objection that this is not a document request is sustained.

25   15. Defendants' objection that Plaintiff can obtain this information himself at the

26   prison law library is sustained.

27   16. There is no remaining issue.

28   
- 6 -

17. Defendants' objection that the physical dimensions of the prison cannot be given to a inmate, such as Plaintiff, for safety and security reasons, is sustained.

18. Defendants' objection that Plaintiff can obtain this information himself at the prison law library is sustained.

19. Defendants' objection that this is not a document request is sustained.

20. Defendants' objection that this is not a document request is sustained.

II.    Plaintiff's second request for production of documents (Doc. #63).

1. Defendants' objection that this request is duplicative is overruled. Defendants' objection that this request is vague, ambiguous and calls for speculation is overruled — Plaintiff is asking for a list of the log numbers of all category 7 et seq incidents about which an inmate file a CDC 602 form. Defendants also object that the list of log numbers of such filings in not in their "possession and control." <u>Defendants shall file a supplemental memorandum avowing who within the facility would have "possession and control" of the list and what procedures Defendants would have to go through to obtain list.</u> **Defendants move to reconsider for the same reasons articulated in 12 above. For those same reason, the motion for reconsideration is denied.**

2. Defendants' objection that this request is overbroad is sustained.

3. Defendants' objection that this request is overbroad is sustained.

4. Defendants' objection that this request is overlybroad and not reasonably calculated to lead to the discovery of admissible evidence is overruled. Defendants' objection that this request is vague, ambiguous and calls for speculation is overruled. <u>Defendants must file a supplement memorandum showing why the official information privilege should bar discovery as to this request.</u> *See* Court's discussion of Plaintiff's #2 request of his first request for production of documents above.

5. Defendants' objection that this request is duplicative of request #7 of Plaintiff's

- 7 -

first request for production of documents is sustained.

6. Defendants' objection that this request is compound is sustained.

7. Defendants' objection that this request is duplicative of #12 from Plaintiff's first request for production is sustained.

8. Defendants' objection that the request is overbroad is overruled.  Defendants' objection that the request is vague, ambiguous, and calls for speculation is overruled.  <u>Defendants shall produce the records of who checked out and/or viewed the videos referenced in request 7 of Plaintiff's second request for production of documents.</u>

9. All of Defendants' objections are overruled except their objection that they do not have custody and control of the "use of force interview."  <u>With respect to that objection, Defendants shall file a supplemental memorandum avowing who within the facility would have "custody and control" of the video and what procedures Defendants would have to go through to obtain a copy of the video.</u> **Defendants move to reconsider this Court's order requiring further information regarding their ability to obtain the use of force interview. Defendants, in their motion to reconsider, at footnote 1, have provided the supplemental briefing the Court sought, stating that they have requested a copy of this information from CDRC, but have not received it.  Such response is sufficient to satisfy the Court that they do not have custody and control of the document under *Thomas v. Hickman*. As Defendants have acknowledged, should this document come into their custody and control, they must supplement their response and produce it to Plaintiff.  Thus, the motion for reconsideration on this point is denied; however, Defendants do not need to take any further action with respect to this request.**

10. Defendants' objection that this request is vague and ambiguous is sustained.

11. Defendants' objection that this request is duplicative of #17 from Plaintiff's first

1          request for production of documents is sustained.  Additionally, Defendants'

2          objection that the physical dimensions of the prison cannot be given to a inmate,

3          such as Plaintiff, for safety and security reasons, is sustained.

4      12. Defendants' objection that this is not a document request is sustained.

5 **B.**    **Defendants' categories of reconsideration**

6      The Court will now address Defendants' categories of reconsideration to the extent

7 not already addressed above.

8      **1.**     **Federal Rule of Civil Procedure 26(a)**

9      To the extent Defendants seek clarification that Federal Rule of Civil Procedure 26(a)

10 does not apply to this case, that request is granted.  Defendants were not required to comply

11 with Rule 26(a).  Defendants further seek reconsideration of the prior order to the extent it

12 ordered that they cannot supplement their discovery responses with items not currently in

13 their custody and control that may later come into their custody and control.  To clarify, the

14 Court's order that they had waived the right to use any documents that they claim are not in

15 their custody and control for summary judgment or at trial was intended to refer to

16 documents to which they currently have access.

17      As to documents to which Defendants may gain access later, each document would

18 be considered on a case by case basis; including when Defendants requested the documents,

19 when Defendants received the documents, and when Defendants supplemented their

20 responses.  For example, the Court would likely preclude Defendants from using documents

21 that Plaintiff sought in discovery that Defendants claimed were not in their custody and

22 control, but when Defendants requested the documents from their employer after the close

23 of discovery, they were given to Defendants.  To show a lack of custody and control,

24 Defendants would need to make a showing that they sought and were denied access to the

25 documents during discovery; otherwise their request for and receipt of the documents after

26 the close of discovery would imply that they were really in their "control" all along.

27 However, the Court will not give an advisory opinion on this issue, and will consider each

28

1  document based on the facts surrounding it.

2        **2.**     **Documents in Plaintiff's central file**

3       The issue of documents in Plaintiff's central file has been discussed above.  The issue

4  of privileges under state law and federal law and what is a "confidential" document has also

5  been discussed above.   The Court does not wish to review any documents in camera.

6  However, the Court continues to require a Defendants to provide a basis in federal law that

7  would preclude production.

8        **3.**     **Custody and Control**

9       The Court's requirement that Defendants provide supplemental information about

10  documents they claim are not in their custody and control has been discussed above.

11  Defendants further argue that Plaintiff has not meet his burden of establishing that the

12  documents are in Defendants' custody and control.   The Court finds that Plaintiff has

13  established, and Defendants have not disputed, that Defendants have an agency relationship

14  with the people or entity that has the documents.  The Court finds this showing by Plaintiff

15  to be sufficient to require Defendants to file a supplemental brief regarding the scope of their

16  access to documents within that agency relationship.  To be clear, the Court is not requiring

17  Defendants to go obtain the documents.[3]  Defendants are merely required to explain who

18  (person or agency) has the documents, and whether or how Defendants could obtain the

19  documents.

20  **C.**     **Conclusion**

21       Based on the foregoing,

22       IT IS ORDERED that the motion for reconsideration (Doc. #80) is granted in part and

23  denied in part as specified above.

24       IT IS FURTHER ORDERED that Defendants shall file the supplemental memoranda

25     ———————————————————

26  [3] Thus, Defendants' statement that if the Court does not reverse the prior order, "Defendants
... will, essentially, have to conduct third party discovery under Federal Rule of Civil
27  Procedure 45, on Plaintiff's behalf...." is simply inaccurate.

28

1    required herein and produce to Plaintiff the documents ordered produced herein by

2    September 14, 2009.

3          IT IS FURTHER ORDERED that Plaintiff's deadline to respond to Defendants'

4    pending motion for summary judgment is stayed pending the Court's review of the

5    supplemental memoranda.

6          DATED this 3rd day of September, 2009.

7

8    _____

9              James A. Teilborg
          United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28
                              - 11 -