IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA (Fresno)

| | |
|---|---|
| Tracy Arthur Stone,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Vasquez and Rodriguez,<br><br>　　　　Defendants. | No. 1:05-CV-1377-JAT<br><br>**ORDER** |

As a result of this Court's order of September 3, 2009, Defendants were required to either produce documents or provide information relating to the following requests for production of Plaintiff: Plaintiff's first request for production of documents numbers 2, 3, 4, 5, 7, 12, and 13; and Plaintiff's second request for production of documents numbers 1, 4, and 8. Defendants' supplements were due by September 14, 2009. The Court will take each request in turn:

**Plaintiff's first request for production #2:**

Plaintiff requested: "All Penal Code § 832.5 'Citizen's Complaint Against Personnel' filed, with the Attorney General's Office, or with CDC, or any other agency or entity within the State of California, or any and all prisons or facilities, including C-SAFT-C, that defendants Vasquez and Rodriguez are or were employed by, in which a claim or claims are alleged that either or both the defendants participated in, or were involved in incidents, or acts not lawful, or abusive, and a mistreatment of prisoners under their control." Doc. #54

at 4-5. Defendants objected that these documents would be in their personnel files and would be privileged under state law, and that disclosure would violate Defendant's privacy rights (among other objections). *Id.* at 5. The Court ordered Defendants to file a supplemental memorandum showing why these documents would be privileged under Federal law. Doc. #77 at 4-5. Defendants filed a supplemental memoranda (numbering this response "Request for Production No. 3 (First Set of Requests)"). Doc. #82 at 2-4.

In their response, Defendants explain that complaints filed against officers that are found to be untrue after the prison investigates are not placed in the officer's personnel files. Defendants then go on to argue why the official information privilege would preclude disclosure of these filed and investigated, but determined to be untrue, complaints. The factors for the Court to consider in determining whether the official information privilege prevents disclosure are:

> (1) The extent to which disclosure will thwart governmental processes by discouraging citizens from giving the government information.
> (2) The impact upon persons who have given information of having their identities disclosed.
> (3) The degree to which government self-evaluation and consequent program improvement will be chilled by disclosure.
> (4) Whether the information sought is factual data or evaluative summary.
> (5) Whether the party seeking the discovery is an actual or potential defendant in any criminal proceeding either pending or reasonably likely to follow from the incident in question.
> (6) Whether the police investigation has been completed.
> (7) Whether any intradepartmental disciplinary proceedings have arisen or may arise from the investigation.
> (8) Whether the plaintiff's suit is non-frivolous and brought in good faith.
> (9) Whether the information sought is available through other discovery or from other sources.
> (10) The importance of the information sought to the plaintiff's case.

*Kelly v. City of San Jose*, 114 F.R.D. 653, 663 (N. D. Cal. 1987). The last factor is the most important factor. *Id.*

Defendants argue that factors 1, 2, 3, and 10 all weigh against disclosure of the complaints that were investigated but determined to be untrue. Specifically, Defendants argue that inmates and staff would be chilled from filing grievances if they knew their identities would be revealed. Further, Defendants argue that complaints that were found to

- 2 -

be untrue are neither admissible nor relevant to Plaintiff's case; therefore, they are not important to Plaintiff's case. The Court agrees with Defendants' arguments. Accordingly, the Court finds that Defendants have sustained their burden of showing that the official information privilege prevents disclosure of complaints made that were found to be untrue. Accordingly, Defendants' objection to production of documents that fall into this category is sustained.

As for charges against Defendants that the prison investigated and found to be true, Defendants concede that under *Kelly* those incidents likely must be disclosed. With regard to Defendant Rodriguez, in his affidavit, the Institutional Personnel Officer avowed that there are no documents responsive to Plaintiff's request. Doc. #82-2 at 3. With regard to Defendant Vasquez, the Institutional Personnel Officer avowed that he located two documents responsive to Plaintiff's request.

Defendants ask that this Court either review the documents related to Defendant Vasquez in camera, or order disclosure to Plaintiff subject to a protective order. At this stage of this litigation, the Court does not find either step to be necessary. Specifically, pending before the Court is Defendants' motion for summary judgment. At this time, the Court does not see how reviewing Defendant Vasquez's prior disciplinary incidents in camera would be beneficial to the Court in deciding the summary judgment motion. Thus, the Court will not review the documents in camera.

Further, because the Court does not see how the details of these documents will be relevant at the summary judgment phase, the Court will not order disclosure at this time subject to a protective order.[1] If Plaintiff determines that the fact that Defendant Vasquez

---

[1] Using a protective order in this type of case, where one party is in custody, is inherently problematic. The problems stem from the fact that this Court has little recourse should Plaintiff violate the terms of the protective order. For example, sanctions such as monetary sanctions, incarceration, or disbarment for willful violation of a Court Order are not as motivating to a pro se prisoner litigant as they are to other litigants. Because of these concerns, the Court will not order that portions of Defendant Vasquez's personnel file be

1  has previously been involved, twice, in these incidents is relevant to his opposition to
2  summary judgment, Plaintiff may cite to the Affidavit of M. Worden (Doc. #82-2 at 3) to
3  prove this fact in opposing summary judgment.

4        If Plaintiff survives summary judgment, the Court can envision how these documents
5  would be relevant at trial, for example, for impeachment purposes.[2]  Thus, if the Court denies
6  Defendants' motion for summary judgment and this case proceeds to trial, then Defendants
7  will be required to bring these documents to the courtroom at trial and give the documents
8  to Plaintiff in the courtroom for his use during trial.  However, Plaintiff will not be given his
9  own copy of the documents to keep.

10  **Plaintiff's first request for production #3:**

11        Plaintiff requested, "All documents created as a result of an investigation into a P.C.
12  § 832.5 complaint filed against either or both the defendants as described in paragraph 2,
13  above, and referenced, noted, as attached to either defendant's personnel file."  Doc. #54 at
14  5.  Based on Defendants' supplemental response (Doc. #82) (numbering this response
15  "Request for Production No. 1 (First Set of Requests)"), the Court finds the analysis of this
16  request to have the same result as request for production number 2 above.

17  **Plaintiff's first request for production #4:**

18        Plaintiff requested, "All documented sanctions, pending sanctions, warnings,
19  reprimands, or pending reprimands, or counselings in either or both defendants personnel
20  files related to any and all allegations or claims by prisoners described in paragraphs 1, 2, and
21  3, above."  Doc. #54 at 6.  Based on Defendants' supplemental response (Doc. #82)
22  (numbering this response "Request for Production No. 2 (First Set of Requests)"), the Court
23  finds the analysis of this request to have the same result as request for production number 2

---

disclosed to a litigant who is still in custody, even subject to a protective order.

[2]  This hypothetical example is NOT an advance ruling that these documents would be admissible at trial.

- 4 -

1 above.

2 **Plaintiff's first request for production #5:**

3 Plaintiff requested, "Any and all criminal and/or domestic complaints and/or
4 informations filed in any Municipality or Superior Court in the State of California, charging
5 defendant Vasquez with any violent act..." Defendants have now responded in full to this
6 request for production. Doc. #85-2 at 2 (numbering this response "Request for Production
7 No. 1").

8 **Plaintiff's first request for production #7:**

9 Plaintiff requested, "All documents created and produced in the investigation of the
10 CDC 837-A 'Crime incident Report' Log No. SATF-05-04-10-0378 including "rough drafts"
11 and reject draft reports, internal memorandum, and notes." Doc. #54 at 7. Defendants
12 responded that all responsive documents are in Plaintiff's central file, to which he has access.
13 *Id.* The Court found this response to be sufficient under Federal Rule of Civil Procedure 34.
14 Doc. #81 at 4.

15 However, Defendants noted that there is a portion of Plaintiff's central file that is
16 "confidential" from Plaintiff. Defendants do not know whether there are documents that are
17 responsive to Plaintiff's request in the confidential portion of Plaintiff's central file. Doc.
18 #86 at 2. <u>The Court will ask Defendants to review the confidential portion of the central file</u>
19 <u>and, within 10 days of the date of this Order, file a declaration of whether any documents in</u>
20 <u>the confidential section of the central file are responsive to this request. And, if there are</u>
21 <u>responsive documents, Defendants shall assert the federal evidentiary basis for not disclosing</u>
22 <u>the documents.</u>

23 **Plaintiff's first request for production #12:**

24 Plaintiff requested, "Any and all video recordings, or electronically recorded and
25 stored images or information of 'E' Facility Yard relating to the incident on 10/4/04, from
26 the specific locations: A. Camera on 4 bldg, B. Camera on Gym near 'E' Yard observation
27 post, C. Camera over 'E' work change gate, and any other camera that recorded the incident

28

on 10/4/04." Doc. #54 at 10. Defendants objected that they did not have custody and control of these videos. *Id.* To assist the Court in evaluating this objection, Defendants did further investigation into the videos and determined that the custodian of the videos destroyed the videos. Doc. #86 at 2-3. Based on this information, the Court sustains Defendants' objection that the videos are not in their custody and control.

**Plaintiff's first request for production #13:**

Plaintiff's requested, "One video recording by SGT Sidhu and Officer Flisspen, made at CTC on 10/04/04, of plaintiff consequent to the incident, and placed in evidence at C-SAFT-C." On September 4, 2009, Defendants filed a supplemental response an produced the video. Doc. #83-2 at 3. Thus, no issues remain with respect to Plaintiff's motion to compel as to this request.

**Plaintiff's second request for production #1:**

Plaintiff requested, "A list of the 'log numbers' of any and all category 7 et seq., CDC 602 Forms filed by a prisoner who claims either defendant, Vasquez or Rodriguez, are the principle officer that the Category 7 et. seq. CDC 602 is the basis of, or defendant Vasquez and Rodriguez are claimed to be a participant in a Category 7 et seq. incident that a CDC 602 was filed about." Doc. #63 at 2 (footnote omitted). Defendants objected that such a log was not in their custody and control. *Id.* To assist the Court in evaluating this objection, Defendants did further investigation into the logs and were not able to ascertain from the person who would be the custodian whether the logs exist. Doc. #86 at 3-4.

Defendants then did further investigation and determined that no list in the format sought by Plaintiff exists. Doc. #87 at 1-2. In view of this additional factual background, the Court sustains Defendants' objection that they do not have custody and control of a list of the log numbers sought by Plaintiff.

**Plaintiff's second request for production #4:**

Plaintiff requested, "All documents attached to either defendants' Vasquez or Rodriguez general personnel file relating to an investigation of any complaint: Category 7

- 6 -

1  et seq., CDC 602 'Staff Complaint'; Penal Code § 832.5 "Citizen's Complaint Against
2  Personnel"; CDC 2142 'Citizen's Complaint Against Employee of the California Department
3  of Corrections, and the investigation ensued as a result of a complaint made of filed by a
4  person or prisoner claiming defendant Vasquez or Rodriguez has: hurt any person or
5  prisoner; used any unnecessary, excessive or deadly force on any person or prisoner, inflicted
6  pain or injury on any person or prisoner, under color of law (while at their place of
7  employment as Corrections Officers)." Doc. #63 at 4. Based on Defendants' supplemental
8  response (Doc. #82) (numbering this response "Request for Production No. 4 (Second Set
9  of Requests)"), the Court finds the analysis of this request to have the same result as request
10 number 2 of the Plaintiff's first request for production discussed above.

11 **Plaintiff's second request for production #8:**

12 Plaintiff requested, "Any record of, or log entries of, or list of signatures or printed
13 names and any corresponding dates, indicating a tracking system, or a chain of evidence for
14 the three video recordings from the three camera locations described in Request #7, of this
15 document. Specifically, any documents or information that demonstrate the recording or
16 processing system by SAFT for the three video recordings, for viewing, signed for, checked-
17 out, removed, or in any manner acknowledged by any CDC employee, or any person since
18 October 4, 2004." Doc. #63 at 7. Defendants objected on the grounds that the request was
19 overbroad, not reasonably calculated to lead to the discovery of admissible evidence, vague,
20 ambiguous, and called for speculation. *Id.* The Court overruled these objections and ordered
21 production. Doc. #77 at 8.

22 Rather than produce the documents, Defendants filed a supplemental response
23 asserting that they do not believe that such a log exists, that if it does exist it is not in their
24 custody and control, and that if they ever obtain a copy, they will produce it. Doc. #85-3 at
25 2. While typically the Court would not entertain a second round of objections, the Court
26 cannot make a party produce something that does not exist. Thus, Defendants shall produce
27 such a list to Plaintiff if the Investigative Services Unit of SATF gives them one. If they do

28

1  not receive such a list, there is no further discovery on this request available to Plaintiff.

2  **Defendants' motion for summary judgment:**

3  Defendants have filed a motion for summary judgment.  The Court is responsible for making a *pro se* prisoner "aware of the requirements and consequences" of a motion for summary judgment.  *Rand v. Rowland*, 154 F.3d 952, 960 (9th Cir. 1998).  In particular, a prisoner must be "'informed of his or her right to file counter-affidavits or other responsive evidentiary materials and be alerted to the fact that failure to do so might result in the entry of . . . judgment against the prisoner.'"  *Wyatt v. Terhune*, 315 F.3d 1108, 1114 n. 6 (9th Cir. 2003).  A prisoner should be notified that if he "fails to controvert the moving party with opposing counter-affidavits or other evidence, the moving party's evidence might be taken as the truth, and final judgment may be entered against the prisoner."  *Id.*

## NOTICE--WARNING TO PLAINTIFF

### *THIS NOTICE IS REQUIRED TO BE GIVEN TO YOU BY THE COURT*

The Motion for Summary Judgment seeks to have your claims resolved in Defendants' favor without a trial (Doc. #79).  A motion for summary judgment under Federal Rule of Civil Procedure 56 will, if granted, end your case.

Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case as to the respective claims.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the Defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate,

may be entered against you. If summary judgment is granted, your claims will be dismissed.

You must timely respond to all motions. Because this Court has ordered you to respond, if you fail to respond, your failure may be treated as a violation of a Court order and as a failure to prosecute your claims, and your case may be dismissed on that basis. Fed. R. Civ. Pro. 41(b); *see also* Eastern District of California Local Rule 78-230(m).

**IT IS ORDERED:**

(1) Plaintiff's deadline to respond to the motion for summary judgment is no longer stayed. Thus, within **30 days** from the date this Order is filed, Plaintiff must file a response to Defendants' Motion for Summary Judgment (Doc. #79), together with a separate Statement of Facts and supporting affidavits or other appropriate exhibits.

(2) Defendants may file a reply within **15 days** after service of Plaintiff's response.

(3) The Motion for Summary Judgment will be deemed ready for decision without oral argument on the day following the date set for filing a reply unless otherwise ordered by the Court.

(4) Defendants' one additional affidavit regarding discovery required herein is due within 10 days of the date of this Order; contemporaneous to filing this affidavit, Defendants shall also respond to Plaintiff's motion for reconsideration (Doc. #89).

DATED this 22nd day of September, 2009.

James A. Teilborg
United States District Judge

- 9 -